IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RUSSELL D. BASS,
No. 13425-424,

Petitioner,

vs.   Case No. 17-cv-255-DRH

B. TRUE,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement.

The Court must evaluate the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

## Background

Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *United States v. Bass*, Case No. 01-cr-109 (N.D. Ill.). The trial court found that he had 3 prior convictions for crimes of violence, and accordingly sentenced him as an armed career criminal to an enhanced term of 300 months. *See* 18 U.S.C. § 924(e)(1). On April 28, 2003, the judgment and sentence were affirmed on direct appeal. *United States v. Bass*, 325 F.3d 847 (7th Cir. 2003), *cert. denied*, 540 U.S. 998 (2003).

Over the intervening years, Petitioner made a number of attempts to challenge his sentence, without success. His original motion to vacate sentence under 28 U.S.C. § 2255 was dismissed as untimely. *United States v. Bass* (N.D. Ill. Case No. 05-cv-1776, filed June 2, 2005, dismissed May 23, 2006 (Doc. 20)).

In December 2009, he filed a habeas action in this Court under 28 U.S.C. § 2241, *Bass v. Hollingsworth*, Case No. 09-cv-1059-JPG. He challenged his career-criminal-enhanced sentence on the basis that his 1985 Illinois conviction for burglary should not have been counted as one of the 3 predicate convictions because it was for burglary of a salvage yard, not a residence, and posed no risk of physical injury to another person. *See* 720 ILL. COMP. STAT. 5/19-1 (formerly ILL. REV. STAT. Ch. 38, ¶ 19-1(a)). That petition was dismissed on September 16, 2011, because the Court found that the challenge should have been raised under § 2255. (Docs. 12, 15, in Case No. 09-cv-1059-JPG).

Petitioner next sought permission from the Seventh Circuit to bring a successive petition for writ of habeas corpus under § 2255. *Bass v. United States*, No. 11-2793 (7th Cir.). That action was dismissed on August 29, 2011.

In 2012, he filed a second habeas corpus petition under § 2241 in this Court, again challenging the enhanced sentence based on the 1985 Illinois burglary conviction. *Bass v. Walton*, Case No. 12-cv-1119-DRH. This Court dismissed the petition, again finding that he had the opportunity to raise his argument in a § 2255 motion. (Doc. 6 in Case No. 12-cv-1119).

In 2013, Petitioner brought another action in the Northern District under § 2255, raising a challenge to his sentence under the new Supreme Court decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). (Doc. 78 in criminal case, No. 01-cr-109). That challenge was rejected in a July 9, 2015, order, because the Supreme Court had not made *Descamps* retroactive on collateral review. (Doc. 108 in criminal case).

After the Supreme Court decided *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015), Petitioner filed an application with the Seventh Circuit to bring a successive § 2255 petition. *Bass v. United States*, No. 16-2186. That argument failed, and Petitioner's application was dismissed on June 7, 2016. (Doc. 6 in No. 16-2186).

Petitioner made another attempt with the Seventh Circuit to bring a successive § 2255 action, this time raising both *Johnson* and *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016). *Bass v. United States*, No. 16-2688.

*Mathis* held that an Iowa burglary conviction did not qualify as a predicate violent felony offense under the ACCA because the Iowa statute, which criminalized entry into a vehicle, was broader than the "generic" offense of burglary listed in § 924(e)(2)(B)(ii) – which must involve the unlawful entry into a building or other structure. *Mathis*, 136 S. Ct. at 2250-51, 2257. The Seventh Circuit again denied permission for a successive § 2255 motion, but this time stated:

> To the extent that Bass argues that *Mathis* provides an independent basis for authorization distinct from his previous claim under *Johnson*, we note that *Mathis* is a case of statutory interpretation; it does not announce "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2); *see Dawkins*, 2016 WL 3854238, at *2. An independent claim based on *Mathis* must be brought, if at all, in a petition under 28 U.S.C. § 2241.

(Doc. 6 in 7th Cir. No. 16-2688). Following this direction, Petitioner filed the instant action in this Court.

## **The Petition**

The prior conviction at issue here was for burglary in Will County, Illinois, Case No. 84-CF-595. (Doc. 1, p. 4). Petitioner was sentenced to 30 months' probation on or about March 11, 1985. *Id.* At that time, the Illinois burglary statute criminalized the knowing entry, or remaining without authority, of "a building, housetrailer, watercraft, aircraft, motor vehicle as defined in the Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft." *See* 720 Ill. Comp. Stat. 5/19-1(a) (formerly Ill. Rev. Stat. Ch. 38, ¶ 19-1(a)) (eff. 1999-2001). (Doc. 1, p. 9).

The other 2 predicate felonies relied upon by the trial court to enhance

4

Petitioner's sentence were a 1992 conviction for home invasion, and a 1995 conviction for aggravated battery. Those convictions are not at issue in the present action. (Doc. 1, p. 4).

Petitioner asserts that the United States has conceded that his Illinois Burglary convictions no longer constitute "violent felonies" under the Armed Career Criminal Act ("ACCA") in light of the *Mathis* opinion. (Doc. 1, p. 10). *See also United States v. Haney*, 840 F.3d 472, 475-76 (7th Cir. 2016) (finding that – like the statute at issue in *Mathis* – the 1975 version of the Illinois burglary statute did not fit the definition of "generic burglary" in the ACCA); *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) ("substantive decisions such as *Mathis* presumptively apply retroactively on collateral review").

Petitioner claims that if *Mathis* is applied to invalidate his ACCA-enhanced sentence, he would have faced a maximum sentence of 120 months for possession of a firearm as a felon. He has already served more than that amount of time. He thus seeks immediate release. (Doc. 1, p. 13).

## Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v.*

*United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that Petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he

must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

The Seventh Circuit has held that *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), a statutory interpretation case, should apply retroactively on collateral review. *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) (citing *Davis v. United States*, 417 U.S. 333 (1974). Because *Mathis* was not decided until 2016, Petitioner could not have relied on it in his original § 2255 motion. Finally, the 300-month sentence imposed on Petitioner as a result of the ACCA enhancement is significant enough to warrant habeas review as a possible miscarriage of justice. The Petition appears, therefore, to fall within the savings clause, making § 2241 an appropriate vehicle to review his claims.

**Disposition**

Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within thirty days of the date this Order is entered.[1] This preliminary Order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings. **ALL STAGES OF THESE PROCEEDINGS ARE TO BE HANDLED ON AN EXPEDITED BASIS. DEADLINES SHALL BE SHORTENED WHERE POSSIBLE.** If petitioner is to be allowed relief, it should not be delayed. If he is not to be allowed relief, he should not have to await word on that result or have his appeal delayed.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: May 9, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.05.09 15:25:33 -05'00'

**United States District Judge**